IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-55,538-02






EX PARTE CARLOS HIRACHETA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2000-006B IN THE 274TH DISTRICT COURT


FROM CALDWELL COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of
intoxication manslaughter and sentenced to fifteen years' imprisonment and one count of aggravated
assault and sentenced to ten years' imprisonment, probated. The Third Court of Appeals affirmed
his conviction. Hiracheta v. State, No. 03-05-00322-CR (Tex. App-Austin, delivered October 24,
2006, pet. ref'd.).

 Applicant contends that his trial counsel rendered ineffective assistance because counsel
failed to investigate and inform Applicant that the aggravated assault conviction would be barred by
double jeopardy because it arose from the same conduct and had the same victim as the intoxication
manslaughter conviction. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. 

 This Court has previously remanded the application and the trial court has provided findings
of fact and conclusions of law. However, the trial court has not provided the requested affidavit
from trial counsel, nor has it provided any information or documentation as to whether the
community supervision for Applicant's aggravated assault has been revoked. This Court needs the
information requested from its previous order before deciding the merits of this case.

 The trial court shall provide Applicant's trial counsel with the opportunity to respond to
Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in
Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make supplemental findings of fact as to whether the community
supervision for the aggravated assault has been revoked. The trial court shall make findings on
whether trial counsel investigated the possibility of double jeopardy when agreeing to a guilty plea
for both counts of the indictment and whether he discussed the possibility of a double jeopardy
violation with Applicant. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 18, 2009

Do not publish